*Notice: This order is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

# In the Supreme Court of the State of Alaska

Elizabeth Carr, Rachel Berngartt, Kelsey Croft, Alex Engeriser, Christina Lowry, Anna Marquez, and Kyle Roberson,

        Applicants,

    v.

Alaska Bar Association,

        Respondent.

Supreme Court No. S-17852

**ORDER**

**Order No. 112 – November 6, 2020**
Original Application for Relief

Before: Winfree, Maassen, Carney, and Borghesan, Justices.
[Bolger, Chief Justice, not participating]

On August 28, 2020 we denied applicants' request to be admitted to practice law in Alaska without passing a bar examination. We now explain the basis of our decision.

Seven applicants for the Alaska bar examination, rescheduled from July to September 9 and 10, 2020 in response to public health concerns related to the COVID-19 pandemic, asked us to permit them to be licensed to practice law without taking and passing the bar examination.

In recognition of the challenges presented by the pandemic, the Alaska Bar Association carefully followed all public health guidelines to maximize the safety of those who planned to take the bar examination. Not only are applicants with health

concerns or special needs regularly granted necessary accommodations under existing Bar Rules,[1] but the bar association made numerous changes to test conditions to protect against COVID-19. Its test sites limited the number of applicants, spaced applicants more than six feet apart, required masks, prohibited talking, and carefully limited the number of individuals entering or leaving a site at any time. The bar association also offered applicants the opportunity to withdraw from this exam and receive a full refund, or to take a future exam.

In addition, the bar association requested and this court approved the creation of a new rule allowing recent law school graduates who have not passed the bar exam to practice law for up to a year under the supervision of a member of the Alaska Bar Association.[2] The rule change also expanded the existing "10-month rule" to one year for law school graduates to practice law under the supervision of a state agency attorney.[3]

The bar examination, along with additional requirements such as character and fitness, serves to ensure that "persons admitted to the bar will be able to service the public well and avoid harm."[4] Passage of the bar examination is an "assurance to the public"[5] that graduation from an accredited law school alone does not demonstrate.

---

[1]    *See* Alaska Bar Rule 4.2.

[2]    Alaska Bar Rule 44.

[3]    *Id.*

[4]    *In re Petition for Emergency Rule Waiver*, No. M2020-00894-SC-BAR-BLE, at *2 (Tenn. July 21, 2020), https://www.ncbex.org/pdfviewer/?file=%2Fdms document%2F274.

[5]    Kimberly A. Herrick, *A Note from the Chair*, Board of Law Examiners of the State of North Carolina (July 7, 2020), https://www.ncble.org/a_note_from_

Approximately 45% of applicants of the last two bar examinations in Alaska failed to pass the examination; all of them are graduates of accredited law schools. Like the Idaho Supreme Court, "[w]e do not believe that granting diploma privilege under such circumstances upholds our duty to the citizens" of Alaska.[6] As the Missouri Supreme Court observed, granting applicants a diploma privilege will not "ensure the core function of licensure, which is to protect the integrity of the profession and the public from those who have not demonstrated minimum competency to practice law."[7]

Like the majority of sister states that have considered similar requests, we disagree with applicants' position that taking the bar examination would unnecessarily expose them to health risks or that granting them "diploma privilege" to practice law based upon their graduation from an accredited law school would sufficiently ensure their competency to practice law. We recognize that the COVID-19 pandemic has placed bar applicants in a difficult position. But, as the Nebraska Supreme Court noted, "the administration of justice does not stop in a public health emergency . . . [L]awyers, judges, and court staff . . . have demonstrated ongoing strength, calm, flexibility and creativity in adapting to the challenges of operating differently in administering justice . . . [and w]e expect no less of the applicants . . . for the bar examination."[8]

---

[5]      (...continued)
the_chair.

[6]      Letter from Roger Burdick, Chief Justice of the Idaho Supreme Court, to Members of the Idaho State Bar (July 20, 2020), https://isc.idaho.gov/files/bar-exam.pdf.

[7]      Betsy AuBuchon, Clerk of the Missouri Supreme Court, *Clerk of Court's Statement Regarding July Bar Examination* (July 9, 2020), https://www.courts.mo.gov/page.jsp?id=161854.

[8]      *In re Petition for Waiver of the Bar Examination Requirement for Admission to the Bar and Provision of Emergency Diploma Privilege*, No. S-20-0495, (continued...)

Particularly in light of the steps taken by the bar association to protect the health of those taking the bar examination, we are not persuaded to waive the protection of the public and members of the legal profession that the exam provides. "[N]ow more than ever public confidence and trust in the competency of [Alaska's] lawyers must be honored, and thus we decline to discard a longstanding requirement for admission" to the Alaska bar.[9] The application is denied.

Entered at the direction of the court.

Clerk of the Appellate Courts

/s/

_____

Meredith Montgomery

cc:    Supreme Court Justices
Philip E. Shanahan
Elizabeth Carr
Rachel Berngartt
Kelsey Croft
Alex Engeriser
Christina Lowry
Ann Marquez
Kyle Roberson
Publishers

---

[8]    (...continued)
at *2 (Neb. July 11, 2020), https://www.ncbex.org/pdfviewer/?file=%2Fdmsdocument%2F272.

[9]    *Order Denying Petition for Proposed Temporary Waiver of Bar Examination Requirement and Provision of Emergency Diploma Privilege*, No. ADM10-8008, at *3 (Minn. July 14, 2020), https://www.ncbex.org/pdfviewer/?file=%2Fdmsdocument%2F271.